# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EHAB SALEM,

Plaintiff,

v.

CIVIL ACTION: 1:16-cv-03927

LEGAL LIAISON SERVICE AND EQUIFAX INFORMATION SERVICES, LLC,

Defendants.

**DECLARATION OF ALVIN C. CHARK**

I, Alvn C. Chark, hereby make this declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of 21 years and am otherwise competent to give this declaration.

2. I was employed by Legal Liaison Services ("LLS") as a manager. I had been employed with LLS for more than 30 years.

3. I have personal knowledge of the matters described herein based on my personal experiences as an employee of LLS and on my review of records maintained by LLS in the ordinary course of its business.

4. LLS is a "furnisher" of information as defined by the Fair Credit Reporting Act ("FCRA").

5. As such, it provides information to consumer reporting agencies ("CRAs"), including Equifax Information Services LLC ("Equifax") regarding consumer collection accounts.

6. LLS maintains detailed procedures designed to ensure it reports accurate information regarding the collection accounts, including procedures to ensure it associates the correct person with a given account.

7. LLS reported a collection account to Equifax for Plaintiff, Ehab Salem.

8. The collection account was for unpaid alarm monitoring services from Alarm Monitoring Inc.

9. LLS's records, which include information received from Alarm Monitoring Inc., publicly available sources and privately obtained proprietary information, show that the collection account from which this matter originates belonged to a business which was controlled and operated by Plaintiff, Ehab Salem, at the time the debt was incurred.

10. Plaintiff has disputed the account directly with LLS on numerous occasions.

11. Despite these disputes, none of the information provided by Plaintiff or claims made by him have changed LLS's position that the account belongs to Plaintiff.

12. LLS received as many as eight separate notifications from Equifax that Plaintiff disputed the LLS account on his Equifax credit file.

13. These disputes were received by LLS from Equifax on or about: January 9, 2015, twice on February 5, 2015, April 26, 2015, twice on May 27, 2015, September 1, 2015, and November 10, 2015.

14. LLS investigated and re-investigated each of the Plaintiff's disputes.

15. With each dispute, LLS reviewed the information it received from Equifax, including documents sent by Equifax and statements made by Plaintiff to Equifax.

16. LLS also reviewed its own records as part of its investigations into each of Plaintiff's disputes.

17. After reviewing each dispute, any documents provided, as well as its internal records, LLS re-verified each time that the disputed account belonged to Plaintiff.

18. These re-verifications included all available information including but not limited to Plaintiff's first name, last name, address, former address, Social Security number, and date of birth.

19. LLS reported to Equifax that LLS verified the account belonged to Plaintiff.

20. Upon information and belief, LLS reported accurate information to Equifax regarding Plaintiff, including that the LLS account that reported on Plaintiff's Equifax file did in fact belong to him, while lacking any proof to the contrary.

Dated: August 16, 2017.

By: ____Alvin C. Chark __________