## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EHAB SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-cv-3927 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| LEGAL LIAISON SERVICE and | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO VACATE DEFAULT JUDGMENT

Pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), Defendant, Legal

Liaison Service ("LLS"), by and through its attorney, Ryan D. Johnson, and for its

Motion to Vacate Default Judgment, hereby respectfully moves this Court to grant its

motion to vacate the default judgment entered on August 1, 2019 (Order entered August

8, 2019). (Dkt. 88, 89).

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE
## DEFAULT JUDGMENT

### I.    INTRODUCTION AND FACTUAL BACKGROUND

On August 1, 2019, this Court entered a default judgment against Defendant,

LLS. Defendant was not properly noticed of this hearing. On information and belief, an

unsigned certified mail receipt was used as proof of service, along with the allegation of

email service; however, neither was received by LLS.

LLS has long believed that it was no longer involved in this matter. Following an

immediate response to the summons served back in 2016, Alvin C. Chark ("Chark")

personally spoke with Plaintiff's counsel, Dan McGarry ("McGarry"), who thereafter had

been emailing correspondence to Chark, as well as communicating with Chark on the phone. While agreeing to disagree following LLS providing McGarry with their side of the story, coupled with documentation that substantiated their position and belief, McGarry suggested that the removal of the derogatory information from the credit bureau and canceling the debt would go a long way towards resolving the matter with the Plaintiff. Defendant did so to demonstrate good faith and LLS's willingness to resolve the litigation. McGarry, after alluding to resolution with LLS and getting what he wanted, then asked for $15,000.00 to settle the matter, which was refused. Defendant never again heard from McGarry or the Plaintiff.

Defendant LLS has never filed an appearance in this matter, nor an answer or any other pleading. LLS operated on the presumption that the information tendered to McGarry exonerated LLS, and the removal of the information from the credit bureau satisfied the Plaintiff. A motion for default could have been filed for approximately three years after the interactions with Plaintiff's counsel, but never was, further establishing the notion that LLS had satisfied Plaintiff's demands.

Suspiciously, and only after settling this matter with Equifax some three years later, did the Plaintiff decide to file his Motion for Default Judgment. LLS, having not appeared, would have had no reason to know of the filing. Further, LLS takes the position it was never notified of the motion.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 55(c) and 60(b) govern motions to vacate default judgments. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 44-45 (7th Cir. 1994). The standards for evaluating a motion to vacate under Rules 55(c) and 60(b) are

the same for all practical purposes, although they are applied more stringently when a party wishes to vacate a judgment rather than a mere order. *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Rule 60(b)(1) permits relief from judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). Rule 55(c) allows a court to "set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party…from a final judgment [due to] (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). To receive relief from a default judgment, a defendant bears the burden of establishing: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (citing *Yong-Qian Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). A decision related to default judgment should consider the well-established principal that favors a trial on the merits above a default judgment. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *Sun*, 473 F.3d at 811.

Rule 60(b) also allows the court to vacate a judgment because of "fraud . . . misrepresentation, or any other misconduct by an adverse party." FED. R. CIV. 60(b)(3). In order to obtain relief from a default judgment under Rule 60(b)(3), defendants must establish that the alleged misconduct of plaintiff was of a type that prevented them from fully and fairly presenting their case. *See United States v. Undetermined Quantity of Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942, 948 (7th Cir. 1978);

The philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with

reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful. *A.F. Dormeyer Co. v. M.J. Sales & Distrib. Co.*, 461 F.2d 40, 43 (7th Cir. 1972). Rule 60(b) relief is granted more liberally in those cases where the relief is sought to vacate a default judgment. *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("A default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations....Thus, it is appropriate that [Rule 60(b)] be liberally applied in the context of default judgments....").

## III.   ARGUMENT

### A.   Good Cause Exists to Vacate the Default Judgment

Under Rule 60(b)(1), good cause can include "excusable neglect," which encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In determining whether a defendant has established good cause for its default, courts should consider whether it willfully ignored the pending litigation. *Wehrs*, 688 F.3d at 890 (finding good cause when a defendant's counsel failed to provide him with the deadline for a pleading); *Cracco*, 559 F.3d at 629-31 (finding good cause when a registered agent forwarded the summons and the complaint to an employee who "did not understand their significance").

As stated above, LLS did not file its appearance and answer because it discussed the case with Plaintiff's counsel and took the steps necessary to satisfy Plaintiff's demands. Following LLS's actions, Plaintiff stopped communicating with LLS and proceeded against Equifax. Plaintiff was deposed, discovery was exchanged, a motion for summary judgment was argued, and a settlement conference was held. LLS was not

included in any aspect of the litigation following the agreement to remove the derogatory information from the credit bureau and cancel the debt. In retrospect, LLS should have demanded a release or a dismissal from Plaintiff's counsel, but Chark was unaware such documents were necessary.

Although Plaintiff claimed he served LLS with the Motion for Default Judgment, LLS never received any notice from Plaintiff. In this case, Defendant did not act willfully in ignoring the litigation but rather personally spoke to Plaintiff's counsel and took affirmative steps to satisfy Plaintiff's complaints. Three years later, after hearing nothing from Plaintiff since resolving the complaints, LLS finds out a Default Judgment Order was entered. Defendant's failure to timely respond to the Motion for Default was clearly due to inadvertence, or lack of service, rather than willful ignorance. LLS has demonstrated good cause.

> B.      The Judgment Should be Vacated Because of LLS's Quick Action

Rule 60(b) also provides that a motion for relief from a judgment by reason of mistake, inadvertence, or excusable neglect "shall be made within a reasonable time," but "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). In this case, the Default Judgment Order was entered on August 8, 2019. Defendant is filing this motion less than thirty (30) days after the Order was entered. Defendant is acting expeditiously to seek relief from the default judgment.

> C.      LLS Has Meritorious Defenses and a Counterclaim

A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed

legal and factual basis. *Jones*, 39 F.3d at 165. A party must provide evidence to support

a meritorious defense. The evidence must develop a legal and a factual basis for a

meritorious defense, beyond general statements. *Cracco*, 559 F.3d at 630. This basis

requires a party to provide more than bare legal conclusions but less than a definitive

showing that the defense will prevail. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505

(7th Cir. 2014).

      LLS has meritorious defenses, and will file a counterclaim if the court grants this

motion to vacate. LLS's defenses include: (1) Salem failed to name Alarm Monitoring,

Inc. (the original creditor), or the Law Offices of M. H. Cohon (the attorney's office that

handled the collection account) in his Complaint; (2) Plaintiff's alleged damages, the

existence of which being specifically denied, are the result of acts or omissions

committed by non-parties to this action over whom the Defendant has no responsibility or

control; (3) Plaintiff's alleged damages, the existence of which being specifically denied,

are the result of acts or omissions caused by the Plaintiff himself and not by any action

and/or omissions by the Defendant; (4) Plaintiff has acted in a dishonest or fraudulent

manner with respect to the dispute at issue in this case; (5) any claim by the Plaintiff for

statutory damages, punitive damages, costs and attorneys' fees are barred because any

alleged violation of the Fair Debt Collection Practices Act ("FDCPA") or the Illinois

Consumer Fraud Act ("ICFA") is inapplicable and patently false. Further, any violation

of the FCRA, if proven, was not willful or negligent.

      LLS's claims and defenses will be more fully developed in its answer, affirmative

defenses, and counterclaim, and as this matter is adjudicated.

D.    The Judgment Should be Vacated Under Rule 60(b)(3)

To vacate a judgement under Rule 60(b)(3), the moving party needs to show that it has a meritorious claim that it was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758-59 (7th Cir. 2010). In the present case, Defendant was deprived of the opportunity to fully and fairly present its case because Plaintiff's counsel indicated satisfaction with the removal of the information from the credit bureau. Any reasonable person would believe Plaintiff had dropped him claims after three years of no communication or court activity. Further, there is a question of whether LLS was actually served with notice of the default motion.

## IV.    CONCLUSION

A review of the Plaintiff's Motion for Default Judgment reveals no actual proof of any alleged damage and seeks an award that excessively and unjustly enriches the Plaintiff without cause or reason. As a result of the foregoing, Defendant LLS respectfully asks this court to vacate the default judgment that was entered on August 1, 2019. LLS is prepared to offer its Answer, Affirmative Defenses and Counterclaim in this matter. LLS would be unduly prejudiced if this motion is denied, while the Plaintiff will suffer no injury by the granting of this motion.

WHEREFORE, Defendant, Legal Liaison Service, respectfully requests this Honorable Court vacate the default judgment that was entered on August 1, 2019, and grant leave for Ryan D. Johnson to appear instanter as counsel on its behalf.

Respectfully submitted this 26th day of August, 2019:


/s/ Ryan D. Johnson_____
Attorney for LLS



Ryan D. Johnson
Johnson Law Firm, LLC
1250 Barclay Blvd., Ste. 200
Buffalo Grove, Illinois  60089
(800) 531-7100
ARDC: 6304561